UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

---

Rachon Newell
9850 Sherwood Farm Rd
Owings Mills, MD 21117

    Plaintiff,

vs.

LANCE BLACK
NORTHLAND GROUP INC.
P.O. BOX 390846
MINNEAPOLIS, MN 55439

JEFFEREY A. OLSON
7831 Glenroy Road Suite 185
Edina, MN 55439

    Defendant.

---

**COMPLAINT**  L12CV1156

**PLAINTIFF DEMANDS TRIAL JURY**

FILED   ENTERED
LODGED   RECEIVED

APR 16 2012

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
      DEPUTY

Case Number:

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, THE FAIR DEBT COLLECTION PRACTICES ACT, THE MARYLAND CONSUMER COLLECTION PRACTICES ACT, THE MARYLAND DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, and DEMAND FOR JURY TRIAL and INJUNCTIVE RELIEF

COME NOW, the PLAINTIFF, Rachon Newell , pro se, respectfully requests this Court to issue Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Damages. In support thereof, Plaintiff shows unto the Court as follows:

This is a civil action whereby Plaintiff seeks Preliminary and Permanent Injunctive Relief enjoining Defendants, NORTHLAND GROUP INC. and other conspirators, agents, servants and employees and those acting in active concert and with actual notice thereof, from engaging in further violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et. seq. (hereafter "FCRA")), the Fair Debt collection Practices Act (15 U.S.C. § 1692 et. seq. (hereafter "FDCPA")), the Maryland Consumer Collection Practices Act (14-202 (5), (hereafter "FCCPA")), and the Maryland Deceptive and Unfair Trade Practices Act (13-301 et. seq. (hereafter "FDUTPA")). An actual controversy exists between the parties, in that the challenged actions of the DEFENDANTS have caused and will continue to cause the PLAINTIFF substantial harm unless the requested relief is granted.

JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201.
2. Venue is proper, because many of the relevant events occurred within Maryland and Baltimore Counties in the State of Maryland, which is located within this District.
3. Plaintiff's Federal and State Law claims against the Defendants derive from a common focus of operative fact and are of such character that Plaintiff would ordinarily be expected to try them in one judicial proceeding. Consequently, this court has pendent jurisdiction over Plaintiff's State law claims against the Defendants.
4. This is an action brought by a consumer for violations of the above named Acts in connection with a purported debt appearing on Plaintiff's consumer reports, the defendants' collection tactics in attempting to collect it, and the defendants' refusal to remove or correct inaccuracies regarding it, despite written correspondence specifying the inaccuracies and providing information that would facilitate a reasonable reinvestigation of the matter. Thus, the plaintiff seeks damages and, to the extent possible, injunctive and declaratory relief.

PARTIES

5. The Plaintiff is a natural person residing within Baltimore County, in Maryland.
6. The Defendants is a business that uses instruments of interstate commerce to facilitate the collecting of debts owed or asserted to be due another.
7. The Defendant(s), NORTHLAND GROUP INC., LANCE BLACK, JEFFEREY A. OLSON were at all times relevant to this complaint using instruments of interstate commerce to facilitate the collection of debts owed.
8. The Defendant(s) NORTHLAND GROUP INC., LANCE BLACK, JEFFEREY A. OLSON was the collection agency during the period inclusive of Winter2012 to present.
9. The Defendant(s) NORTHLAND GROUP INC., LANCE BLACK, JEFFEREY A. OLSON during the period extending from January 2012 to present, is the collection agency attempting to collect the alleged debt.
10. All Defendants are considered a "person", according to Black's Law Dictionary.

FACTS

11. Plaintiff received a letter in the mail from NORTHLAND GROUP INC., on and around January 29, 2012.
12. Plaintiff noticed an alleged debt from NORTHLAND GROUP INC., that was placed for collection on and around January 26, 2012 and the Original Creditor being WELLS FARGO in the amount of $2,634.09.
13. Plaintiff then mailed on February 6, 2012 to LANCE BLACK & NORTHLAND GROUP INC., a validation and verification of debt request, giving them ten(10) days to respond.
14. Plaintiff received no response. Then Plaintiff faxed a letter of intent to sue on February 21, 2012 to LANCE BLACK & NORTHLAND GROUP INC.. Plaintiff received no response. March 6, 2012, Plaintiff faxed a Notice of Impending Lawsuit, along with a copy of the complaint. Plaintiff received an email from JEFFREY A. OLSON and no validation.

COUNT 1- VIOLATION OF THE FAIR
DEBT COLLECTION PRACTICES ACT

15. The allegations of paragraphs 1 through 14 of this Complaint are realleged and incorporated by reference.
16. The defendant NORTHLAND GROUP INC. and it's employee agents are debt collectors,

as defined by 15 U.S.C. § 1692a(6).
17. The defendant violated the FDCPA by:
18. Multiple violations of § 1692e (2)(a) and 1692e(10) for the false representation of the character, amount, or legal status of any debt
19. Violations of § 1692e (8) communicating information which is known to be false
20. The foregoing violations of the FDCPA are among the Defendants' standard procedures and practices towards consumers such as the Plaintiff, for which the Defendants are motivated by enhanced profits.

COUNT 2- VIOLATIONS OF THE
FAIR CREDIT REPORTING ACT

21. The allegations of paragraphs 1 through 14 of this Complaint are realleged and incorporated by reference.
22. NORTHLAND GROUP INC., LANCE BLACK, JEFFEREY A. OLSON regularly and in the course of business, furnishes information to one or more consumer reporting agencies about their transactions or experiences with any consumer.
23. NORTHLAND GROUP INC., LANCE BLACK, JEFFEREY A. OLSON did not notify the plaintiff at any time that the dispute was considered frivolous or irrelevant, or that plaintiff had failed to provide sufficient information to investigate the disputed information.
24. NORTHLAND GROUP INC., LANCE BLACK, JEFFEREY A. OLSON failed to review all relevant information provided by the consumer reporting agencies, pursuant to 15 U.S.C. § 1681i (a)(2), and as required by 15 U.S.C. § 1681s-2(b)(1)(B).
25. NORTHLAND GROUP INC., LANCE BLACK, JEFFEREY A. OLSON failed to adequately conduct an investigation with respect to the disputed information, as required by 15 U.S.C. § 1681s-2(b)(1) after the Plaintiff's notice of dispute was received at the offices of Collection Agency.
26. NORTHLAND GROUP INC., LANCE BLACK, JEFFEREY A. OLSON failed to report the results of the investigation findings to the consumer reporting agencies that the information provided by such person was incomplete or inaccurate, as required by 15 U.S.C. § 1681s-2(b)(1)(D).
27. NORTHLAND GROUP INC., LANCE BLACK, JEFFEREY A. OLSON failed to report the results of the investigation to the consumer reporting agencies, as required 15 U.S.C. § 1681s-2(b)(1)(C).
28. NORTHLAND GROUP INC., LANCE BLACK, JEFFEREY A. OLSON in response to the notices of reinvestigation from the Credit Reporting Agencies, verified that the disputed information was accurate and complete on four different occasions, even though they were in possession of information which showed that the tradelines were inaccurate, and even though the tradelines did not contain the notice of dispute, as required by 15 U.S.C. § 1681s-2(a)(3). The fact that this was done in response to multiple reinvestigation requests from multiple Credit Reporting Agencies and the Plaintiff's evidence of willful noncompliance on the part of NORTHLAND GROUP INC., LANCE BLACK, JEFFEREY A. OLSON.

COUNT 3- VIOLATIONS OF THE MARYLAND
CONSUMER COLLECTION PRACTICES ACT

29. The allegations of paragraphs 1 through 14 of this Complaint are realleged and incorporated by reference.
30. NORTHLAND GROUP INC., LANCE BLACK, JEFFEREY A. OLSON violated Maryland Statute 14-202 (5), by telling the Plaintiff that they had disclosed to the credit reporting agencies information affecting the plaintiff's reputation for credit worthiness without also informing the plaintiff that the existence of the dispute would also be disclosed.
31. NORTHLAND GROUP INC., LANCE BLACK, JEFFEREY A. OLSON violated Maryland Statute 14-202 (3), by disclosing to Transunion information affecting the plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.

impugn the Plaintiff's reputation as a tenant or as a consumer in connection with any and all transactions carried out or related to the aforementioned debt.
(C) For an order awarding actual damages in the following amount:
1. Against NORTHLAND GROUP INC., in the amount of $1,000.
2. Against LANCE BLACK, in the amount of $1,000.
3. Against JEFFEREY A. OLSON, in the amount of $1,000.
(D) For an order awarding statutory damages in the following amounts:
1. Against NORTHLAND GROUP INC., for violations of the Fair Debt Collection Practices Act, in the amount of $1,000; for violations of the Fair Credit Reporting Act, in the amount of $4,000; for violations of the Maryland Consumer Collection Practices Act, in the amount of $1,000.
2. Against LANCE BLACK, for violations of the Fair Debt Collection Practices Act, in the amount of $1,000; for violations of the Fair Credit Reporting Act, in the amount of $4,000; for violations of the Maryland Consumer Collection Practices Act, in the amount of $1,000.
3. Against JEFFEREY A. OLSON, for violations of the Fair Debt Collection Practices Act, in the amount of $1,000; for violations of the Fair Credit Reporting Act, in the amount of $4,000; for violations of the Maryland Consumer Collection Practices Act, in the amount of $1,000.

(E) For an order awarding punitive damages as follows:
1. Against JEFFEREY A. OLSON, in the amount of $9,500.
2. Against LANCE BLACK, in the amount of $9,500.
3. Against NORTHLAND GROUP INC., in the amount of $9,500.

And for such other and further relief as the court deems just and proper under the circumstances.

Please take notice that the Plaintiff demands trial by jury in this action.

By: *[signature: Rachon Jewell]*

ALL RIGHTS & LIBERTIES RESERVED